DeVRIES LAW FIRM
Douglas K. deVries (SBN 70633)
641 Fulton Avenue, Suite 200
Sacramento, CA 95825
Telephone: 916.473.4343
Facsimile: 916.473-4342
Email: dkd@dkdlaw.com
*Attorneys for Plaintiff Margaret A. Green*

BURKE, WILLIAMS & SORENSEN, LLP
Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET A. GREEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:10-CV-02658-GEB-KJN<br><br>**AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Hon. Garland E. Burrell, Jr. |

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, Plaintiff Margaret A. Green ("Plaintiff") and Defendant Hartford Life and Accident Insurance Company ("Hartford"), that certain documents, materials or information to be produced by Hartford in discovery (as described in Paragraph 1) shall be subject to the following Confidentiality Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

1. The information/items governed by this Stipulated Confidentiality Agreement are: (1) any part of Hartford's claims handling procedures, policies and guidelines to be produced as part of its responses to the request for production of documents and responses to interrogatories; and, (2) the table of contents for the LTD Product Manual. Any further documents to be designated as subject to this Stipulated Confidentiality Agreement will be designated in addendum(s) to this Stipulated Confidentiality Agreement and submitted to the Court for approval.

2. The documents, materials or information identified in Paragraph 1 of this Stipulated Confidentiality Agreement contain or constitute confidential, private, proprietary and/or trade secret information as defined by California Civil Code § 3426.1 and FRCP Rule 26(c)(1)(G), and shall be subject to the terms of this Stipulated Confidentiality Agreement. Said documents, materials or information, including all information contained therein, and all copies, descriptions, summaries, notes, abstracts or portions of pleadings or transcripts which contain or are derived from such information, hereinafter shall be referred to as "the Information."

3. The Information shall be used solely for the purpose of this action. No part of the Information shall be disclosed to any person or otherwise made public except pursuant to this Stipulated Confidentiality Agreement.

4. The Information may be disclosed only to the persons described in the following sentence, only to the extent that such person is performing work in connection with this action, and only to the extent necessary to perform that work. Such persons are: (a) the Parties to this action; (b) counsel of record for the Parties; (c) any person regularly employed by such counsel, including legal assistants, secretaries, law clerks, investigators, associates and contract attorneys; (d) actual or prospective experts and consultants retained or consulted by a Party or a Party's counsel in the course of this action; (e) any potential deposition and trial witnesses, to the extent counsel deems it necessary for and relevant to the testimony of such witnesses; and (f) this Court, its staff, and jurors empanelled in the trial of this

lawsuit.  These persons shall not disclose, discuss or reveal the Information, its contents or existence, or the documents containing the Information to any other person or entity not specifically identified in this Paragraph.  Upon demand, Plaintiff's counsel and these persons will return the Information and all copies of documents relating thereto to Defendant's attorneys at the conclusion of this action.

5. No copies, summaries, digests, notes or descriptions of the Information shall be provided by a Party or its counsel for distribution to persons other than those described in Paragraph 4.

6. Persons to whom access to the Information is given pursuant to this Stipulated Confidentiality Agreement shall keep such material and any copies, extracts, summaries, notes or descriptions thereof secure in accordance with the purposes and intent of this Stipulated Confidentiality Agreement and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure.  No disclosure shall be made to any person pursuant to Paragraph 4(d) or 4(e) until such person has executed either this Stipulated Confidentiality Agreement or a written Understanding and Agreement to be bound by this Stipulated Confidentiality Agreement in the form attached hereto as Exhibit 1.

7. Upon request of any Party, the original transcript and any and all copies of any deposition containing (a) documents pertaining to the Information as exhibits, or (b) testimony relating to the Information, shall be marked on its cover "CONTAINS CONFIDENTIAL INFORMATION.  DO NOT DISCLOSE EXCEPT BY COURT ORDER."  Disclosure of any copy of such deposition transcript or any document attached as a deposition exhibit shall be restricted to the deponent, his or her counsel of record, and persons designated in Paragraph 4.

8. Any party who intends to file documents which discusses or discloses any Information subject to this Stipulated Confidentiality Agreement with the Court must comply with Eastern District of California Local Rules 140(d) and 141(b). Specifically, the Parties may disclose the Information to the Court in connection

with motions filed in this case or at trial in this case along with a stipulation (and/or motion if necessary) to file the documents under seal pursuant to Local Rule 141. The Information will be provided to the Court in a sealed envelope and will be marked "Confidential: Subject to Protective Order." The Court will decide whether to seal the Information and all references to the information in any other documents, or in any reporter's transcript. Any party who intends to file documents which discusses or discloses any Information subject to this Stipulated Confidentiality Agreement shall give seven (7) days' notice of the same to all parties in the action.

9. Production of the documents or disclosure of the Information protected by this Stipulated Confidentiality Agreement shall not constitute a waiver of any confidentiality, privacy right or privilege. Moreover, Defendant retains the right to assert all substantive objections to the Information and/or documents containing the Information, including but not limited to relevancy, hearsay, privacy, privilege and Federal Rule Of Evidence, Rule 403.

10. Any part of the Information may be removed from the scope of this Stipulated Confidentiality Agreement by agreement of the Parties or by Court order.

11. Should any Party violate the terms of this Stipulated Confidentiality Agreement, and should legal action be necessary as a result of any violation or threatened violation of this Stipulated Confidentiality Agreement, the prevailing Party shall recover any damages allowed under the law.

12. Notwithstanding anything to the contrary contained herein, any Party may move for a modification of this Stipulated Confidentiality Agreement at any time that the interests of justice appear to so require. Further, nothing in this Stipulated Confidentiality Agreement shall be construed as affecting the Parties' obligations with respect to the Information as required by law.

///

13. This Stipulated Confidentiality Agreement shall be binding on any and all Parties who sign below.

14. **The reason why the need for protection should be addressed by a Court as opposed to a private agreement by or among the parties is as follows:** It is undisputed that the manual is proprietary information and its general disclosure poses a significant risk of injury to Hartford. See Fed. R. Civ. P. 26(c)(7). Indeed, Hartford created the claims manual at considerable expense and it contains a wealth of information about the company's practices, procedures and business techniques. Access to the foregoing documents would give Hartford's competitors an unfair advantage of obtaining, at no cost, Hartford's valuable and innovative business techniques, programs, processes and information that were developed as a result of Hartford's significant investment of time, manpower, and financial resources. This would dilute the effectiveness of Hartford's investment and cause harm to Hartford's competitive position. In addition, others could use information in the Manual to facilitate improper claim submissions. Adams v. Allstate Ins. Co., 189 F.R.D. 331, 332-33 (E.D. Pa. 1999).

With respect to why a private agreement will not suffice, it must be remembered that this action alleges not just breach of contract, but also the tort of insurance bad faith. As such, it seeks tort damages, including punitive damages. In addition to counsel, the documents will of necessity be shared with witnesses, including *expert witnesses* who regularly participate in numerous other such cases. In other words, persons who will see such documents may have a self-serving interest in exploiting access to them for the own use. It is important to Hartford that persons who come into possession of sensitive proprietary internal company documents in the course of this litigation immediately understand that they are subject to a court order, as opposed merely to the wishes of a party. An order, unlike merely a stipulation, will serve to impress upon such persons the seriousness of the need to maintain confidentiality, and that breach of confidentiality with

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-1096-2185 v1                            - 5 -                    AMENDED STIPULATED CONFIDENTIALITY
                                                                          AGREEMENT AND PROTECTIVE ORDER

respect to the documents is subject to sanction from outset. A protective court order obtained only after the fact will be too late to undo the immediate damage to defendant that will already be done upon distribution of the documents. In addition, it is anticipated that dispositive motions will be filed in this case, and these confidential documents will be filed with the court under seal in conjunction therewith. Having a protective court order already in place will serve the interests of judicial time and efficiency.

Dated: August 2, 2011                 deVries Law Firm

                                      By: */s/Douglas K. deVries*
                                           Douglas K. deVries
                                           dkd@dkdlaw.com
                                      Attorneys for Plaintiff Margaret A. Green

Dated: August 2, 2011                 Burke, Williams & Sorensen, LLP

                                      By: */s/Michael B. Bernacchi*
                                           Michael B. Bernacchi
                                           mbernacchi@bwslaw.com
                                      Attorneys for Defendant Hartford Life
                                      and Accident Insurance Company

# **EXHIBIT 1**

## **UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER**

I hereby state that I have read a copy of the Stipulated Confidentiality Agreement and Protective Order in *Margaret A. Green v. Hartford Life and Accident Insurance Company*, Case No. 10-CV-02658-GEB-KJN, pending in the United States District Court, Eastern District of California. I understand and agree to be bound by its terms.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

# **PROTECTIVE ORDER**

Upon consideration of the Amended Stipulated Confidentiality Agreement and Protective Order ("Agreement and Protective Order") between plaintiff and defendant, the court hereby APPROVES of the Agreement and Protective Order and orders the parties to comply with its terms, except that the court and its staff identified in paragraph 4(f) of the Agreement shall not be subject to the special document-related procedures imposed by the Agreement, including those provided in the third and fourth sentences of paragraph 4 and paragraph 6.

IT IS SO ORDERED.

DATED: August 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE